IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN, SR., )
)
Petitioner, )
)
v. ) 1:20CV1121
)
DURHAM CO. DETENTION, )
et al., )
)
Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in Durham County, North Carolina, submitted a habeas corpus petition under 28 U.S.C. § 2241, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. The Petition does not currently state a viable claim for relief. Petitioner seeks to have the Court intervene in ongoing state criminal proceedings. However, such intervention can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner does not currently set out facts sufficient to meet this standard. Instead, he seeks to raise defenses in this Court that should be raised in the state courts. He cannot try his case in this Court. Further, Petitioner must exhaust his state court remedies as to the claims he raises. He indicates that he did not exhaust the claims related to his pending criminal charges. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973). Unless Petitioner exhausts his remedies and can meet the requirements set out above, he should litigate the issues he raises in his state court criminal case.

2. The Petition and a subsequent Supplement (Docket Entry 5) also seek to attack disciplinary convictions incurred by Petitioner at the detention facility where he is housed. It is not proper to raise these claims in the same petition as the separate claims challenging the pending criminal charges. Further, it does not appear that any challenge to the disciplinary convictions will result in a shorter period of detention for Petitioner. If it will not, these claims are not properly raised in a habeas petition, but would need to be raised, if at all, in a civil rights action under 42 U.S.C. § 1983. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004). The Court notes that Petitioner gives few facts related to the disciplinary convictions, but it does not appear at this time that he could raise a claim under § 1983 that would survive initial review.

Because of these pleading failures, the Petition should be dismissed without prejudice to Petitioner filing a new petition and/or civil rights action correcting the defects noted. Petitioner should request the proper forms from the Clerk if he seeks to file a habeas petition after exhausting his state court remedies or if he seeks to file a civil rights action as to the disciplinary convictions.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition and/or an appropriate civil rights action under § 1983.

This, the 25th day of February, 2021.

                        /s/ L. Patrick Auld
                          **L. Patrick Auld**
                  **United States Magistrate Judge**